# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Renee Burt,
    Plaintiff

  vs                                   Case No. C-1-05-673
                                        (Beckwith, J.)
Life Insurance Company of          (Hogan, M.J.)
North America,
    Defendant

## ORDER

      This matter is before the Court on Plaintiff's Motion and Supporting Memorandum for Order Compelling Defendant LINA to Answer Plaintiff's First Set of Interrogatories and Requests for Production of Documents (Doc. 10), Defendant's Memorandum in Opposition to Plaintiff's Motion to Compel Discovery (Doc. 11), and Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Compel Discovery (Doc. 12). Also before the Court are Defendant's Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion to Compel Discovery (Doc. 13), Plaintiff's Memorandum in Opposition to Defendant's Motion for Leave to File Sur-Reply (Doc. 15); Defendant's Motion to Strike and/or for Remand to Plan Administrator (Doc. 14), Plaintiff's Memorandum in Opposition to Defendant's Motion to Strike and/or for Remand to Plan Administrator (Doc. 16), and Defendant's Reply Memorandum in Support of Motion to Strike and/or for Remand (Doc. 19). While the parties exhausted all extrajudicial means of resolution, neither party requested an informal discovery conference before the Court. The Court generally disfavors the filing of motions to compel unless and until the parties have first utilized the informal discovery conference provided for in S.D. Ohio Rule 37.1. For this reason, an informal discovery conference was scheduled by the Court for August 2, 2006.

## DISCUSSION

Plaintiff initiated this action by filing a complaint under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., alleging breach of fiduciary duty. (Doc. 1, Complaint, ¶¶48, 49).[1] Plaintiff claims that Defendant Life Insurance Company of North America ("LINA") violated its fiduciary obligation to discharge its duties with respect to the Plan in accordance with the documents and instruments governing the Plan by improperly terminating her long-term disability benefits("LTD"). (Id.). The disability plan at issue is maintained by Plaintiff's previous employer, MikeAn Group, Inc., and administered by Cigna Corporation.

In her Motion to Compel, Plaintiff contends that Defendant has refused to respond to discovery requests properly served upon it (*See* Doc. 10). The issue buried beneath the flurry of motions is basically whether Plaintiff is entitled to conduct discovery outside the administrative record. Plaintiff argues that, as she has raised claims of breach of fiduciary duty and bias on the part of the plan administrator, discovery outside the administrative record is permissible. Defendant, on the other hand, argues that, under the directives of *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998), determination of Plaintiff's underlying claims should based solely on the administrative record. Contrary to Defendant's argument, *Wilkins* does not foreclose all discovery.

The Sixth Circuit in *Wilkins* set forth "Suggested Guidelines" to adjudicate ERISA actions. The *Wilkins* court defined the phrase "ERISA action" for purposes of its analysis, as a claim for benefits brought under 29 U.S.C. § 1132(a)(1)(B). *Wilkins,* 150 F.3d at 617. The guidelines provide in part that the district court should conduct a review based solely on the administrative record and render findings of fact and conclusions of law. *Id.* at 619. Only if a procedural challenge is alleged, such as a lack of due process afforded by the administrator or bias on its part, may the district court consider evidence outside of the administrative record. *Id.* Discovery must be limited to an exchange of the administrative record and evidence relating to the procedural challenges. *Id.*; *see also Frankenmuth Mut. Ins.*

---

[1] Plaintiff's Complaint, which has not been amended to date, specifically states a cause of action under 29 U.S.C. § 1104(a)(1)(D). (*See* Doc. 1, ¶¶ 48-49). However, Plaintiff claims in her Motion to Compel to have brought this suit under 29 U.S.C. § 1132(a)(1)(B). (S*ee* Doc. 10 at p. 1).

*Co. v. Wal-Mart Associates' Health & Welfare Plan*, 182 F. Supp. 2d 612, 615-16 (E.D. Mich. 2002). Moreover, the *Wilkins* limits on discovery do not apply to a plaintiff's claim that defendant breached its fiduciary duties by failing to follow plan documents because a cause of action under § 1104(a)(1)(D) is not a "claim for benefits" under 29 U.S.C. § 1132(a)(1)(B), but is enforceable under 29 U.S.C. § 1132(a)(3). *See, e.g.*, *Fawcett v. Metropolitan Life Insurance Company*, No. C-3-97-540, 2000WL 979994 (S.D. Ohio June 28, 2000)(citing *Allinder v. Inter-City Products Corp. (USA),* 152 F.3d 544, 550(6th Cir. 1998)("Section 1132(a)(3) is the third of "six carefully integrated civil enforcement provisions found in [§ 1132(a)]").

Plaintiff's claim, however, is really one for benefits under § 1132(a)(1)(B). Plaintiff's Complaint specifically asserts that " Defendants violated 29 U.S.C. § 1104(a)(1)(D) by improperly terminating Plaintiff long-term disability benefits." (Doc. 1, Complaint at ¶ 49). We believe that Plaintiff is attempting, improperly, to characterize her denial of benefits claim as one under § 1104, an approach expressly rejected by the Supreme Court. *See Moore v. Lafayette Life Insurance Co.,* No. 01-73944 (6th Cir. August 7, 2006)(citing *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)). As such, we find that Plaintiff's claim is one for benefits and the *Wilkins* limits on discovery are applicable.

Defendant argues that Plaintiff's discovery requests are not aimed at any alleged bias on the part of the administrator, but rather, bias on the part of the consultant physician. For this reason, Defendant contends, the discovery sought is irrelevant and impermissible. We disagree. Plaintiff argues that the termination of Plaintiff's benefits was arbitrary and capricious because Defendant relied upon the opinion of Dr. Neuren, a physician who, Plaintiff claims, consistently opines that claimants are not disabled. While it is arguably Dr. Neuren's alleged bias which Plaintiff seeks to explore, we believe that such bias can, and should be, imputed to Defendant in instances where Defendant has reason to know of the bias and deliberately exploits such. We find the Sixth Circuit's opinion in *Kalish v. Liberty Mutual/Liberty Life Assurance Company of Boston,* 419 F.3d 501 (6th Cir. 2005), to be on point. In its decision, the Sixth Circuit discussed the Supreme Court's acknowledgment that "physicians repeatedly retained by benefits plans may have an incentive to make a finding of 'not disabled' in order to save their employers' money and preserve their own consulting arrangements." *Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 832 (2003). The court, however, did not permit discovery because Plaintiff had presented nothing more than conclusory

3

allegations of bias with respect to the consultant physician. 419 F.3d at 508 ("[Plaintiff] failed to present any statistical evidence to suggest that, when retained by [the administrator], the [consultant physician] consistently opined that claimants are not disabled."). Additionally, in *Calvert v. Firstar Fin., Inc.,* the Sixth Circuit noted that the plan administrator had a "clear incentive to contract with individuals who were inclined to find in their favor that [the claimant] was not entitled to continued LTD benefits." 409 F.3d 286, 292 (6th Cir. 2005). The court held that the "possible" conflict of interest should be factored into the court's determination as to whether the administrator's decision was arbitrary and capricious. *Id.* However, the court then commented that it would have had "a better feel for the weight to accord this conflict of interest if [plaintiff] had explored the issue through discovery." 409 F.3d at 293 n.2. Unlike the plaintiff in *Kalish*, Plaintiff has offered more that conclusory allegations of bias. Plaintiff has cited the Court to nine cases involving other insurance carriers which she claims indicate Dr. Neuren's bias against benefits claimants. To the extent Plaintiff has asserted a procedural challenge with respect to the bias of the Plan Administrator through its use of Dr. Neuren, we find that limited discovery aimed at the alleged bias of Dr. Neuren[2] is appropriate, namely the information sought by Interrogatories, #7 and #8, and Request for Production of Documents #4.

Defendant has also filed a Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion to Compel Discovery (Doc. 13), to which Plaintiff has filed a Memorandum in Opposition (Doc. 15). Plaintiff argues that Defendant has failed to show good cause for the need to file a Sur-Reply and further that the documents which Defendant claims to contain the requested information are not sufficiently responsive to Plaintiff's written discovery. While we agree with Plaintiff's arguments regarding Defendant's Sur-Reply, allowing Defendant to file its Sur-Reply results in no prejudice toward Plaintiff. For this reason, Defendant's motion (Doc. 13) is GRANTED.

With respect to Defendant's Motion to Strike and/or for Remand to Plan Administrator (Doc. 14), we find that the "evidence" submitted by Plaintiff in support of her Motion to Compel does not speak to the ultimate issue of whether Plaintiff was unfairly denied benefits. Plaintiff cites to nine cases involving other

---

[2] While Plaintiff attempts to include other consultant physicians in her discovery requests, the evidence proffered by Plaintiff is directed solely at Dr. Neuren's alleged bias and not the other physicians.

4

insurance carriers which she claims provide evidence of Dr. Neuren's bias against benefits claimants. (*See* Doc. 12 at p.7). These cases offer nothing other than to illustrate Dr. Neuren's potential bias. These cases provide no grounds upon which the Plan Administrator would base its decision on whether to terminate Plaintiff's LTD benefits, and therefore, do not constitute evidence which should be made part of the administrative record. For these reasons, Defendant's Motion to Strike and/or for Remand to Plan Administrator (Doc. 14) is DENIED.

**IT IS THEREFORE ORDERED THAT**:

1) Plaintiff's Motion to Compel (Doc. 10) be GRANTED. Limited discovery aimed at the alleged bias of Dr. Neuren shall be permitted. Defendant shall provide complete responses to Plaintiff's Interrogatory Nos. 7 and 8, and Request for Production of Documents No. 4.

2) Defendant's Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion to Compel Discovery (Doc. 13), be GRANTED;

3) Defendant's Motion to Strike and/or for Remand to Plan Administrator (Doc. 14) be DENIED.

SO ORDERED.

Date:   8/7/2006              s/Timothy S. Hogan
                              Timothy S. Hogan
                              United States Magistrate Judge


J:\SMITHLE\ERISA\burt.mtc.wpd